UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

COURTNEY MORALES,

                                  Plaintiff,

    -against-

CITY OF NEW YORK, MATHEW REICH, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

      Plaintiff COURTNEY MORALES, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### **VENUE**

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff COURTNEY MORALES is a thirty-two-year-old female resident of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants MATHEW REICH and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12. On April 26, 2023, beginning at approximately 1:00 p.m., plaintiff was present inside 158 Mill Road, Staten Island, New York.

13. Plaintiff was inside a bedroom located in the basement when she heard screaming coming from upstairs.

14. The door to the basement was kicked open shortly thereafter.

15. Then the door to the bedroom plaintiff occupied was kicked open and defendant officers, including NYPD defendant REICH, entered.

16. Defendant REICH proceeded to handcuff plaintiff.

17. Plaintiff was then brought to the upstairs area of the home where she was held in custody and otherwise unlawfully imprisoned for a period of time.

18. Despite that defendant REICH lacked probable cause to arrest plaintiff because she was merely present in a basement bedroom of the home and was not found with or near any purported contraband, defendant REICH caused plaintiff to be imprisoned in a police vehicle and then to be transported to the NYPD 122 Precinct stationhouse.

19. While at the precinct, plaintiff was forced to sit on a bench handcuffed to a wall.

20. Plaintiff was denied access to medications and requested medical care during this time.

21. Plaintiff was eventually transferred to the 120th Precinct stationhouse and further detained awaiting her arraignment in Richmond County Criminal Court.

22. Approximately twenty-six hours after her arrest, plaintiff was released without

any charges being brought against her after the Richmond County District Attorney's Office declined to prosecute her.

23. Defendants MATHEW REICH and JOHN and JANE DOE 1 through 10 participated in, supervised, or were present or otherwise aware of the incident, yet failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

24. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, failing to properly train officers regarding probable cause to arrest.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including defendant REICH, are insufficiently trained regarding the probable cause required to arrest individuals for possession of a controlled substance and that as a result many innocent people have been arrested in violation of their civil rights.

26. With respect to defendant REICH, the CITY OF NEW YORK was aware that defendant REICH had been sued at least twenty-two times, the majority of which involved claims of false arrest for drug related offenses, that he had been the subject of thirty-three CCRB complaints, and involving 109 allegations of misconduct, seven of which were substantiated, and that he had several other instances of misconduct substantiated by the NYPD. Defendant REICH has also been the subject of newspaper and media coverage.[a]

27. Defendant CITY OF NEW YORK is further aware that such improper training

---

[a] *See e.g.*, https://www.thecity.nyc/2020/07/31/nypd-complaint-files-unions-police-new-york-city/; https://tanag.substack.com/p/meet-the-nypd-officer-with-100-civilian

has often resulted in a deprivation of civil rights.

28. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers, including REICH, in the present case to violate plaintiff's civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants, including REICH, lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff COURTNEY MORALES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiff COURTNEY MORALES without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

38. Defendants caused plaintiff COURTNEY MORALES to be falsely arrested and unlawfully imprisoned.

39. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

42. The defendants failed to intervene to prevent the unlawful conduct described herein.

43. As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

44. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

47. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to arresting individuals for narcotics related offenses, without probable cause. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

52. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff COURTNEY MORALES was falsely arrested and unlawfully imprisoned.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

56. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right to be free from false arrest.

57. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Within ninety (90) days after the claim herein accrued, plaintiff COURTNEY MORALES duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

60. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

62. Plaintiff COURTNEY MORALES has complied with all conditions precedent to maintaining the instant action.

63. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR FIFTH CAUSE OF ACTION**
(<u>Assault under the laws of the State of New York</u>)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. As a result of the foregoing, plaintiff COURTNEY MORALES was placed in apprehension of imminent harmful and offensive bodily contact.

66. As a result of defendant's conduct, plaintiff COURTNEY MORALES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

67. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

68. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants made offensive contact with plaintiff COURTNEY MORALES without privilege or consent.

71. As a result of defendants' conduct, plaintiff COURTNEY MORALES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

72. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

73. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants arrested plaintiff COURTNEY MORALES without probable cause.

76. Plaintiff COURTNEY MORALES was detained against her will for an extended period of time and subjected to physical restraints.

77. As a result of the aforementioned conduct, plaintiff COURTNEY MORALES

was unlawfully imprisoned in violation of the laws of the State of New York.

78. As a result of the aforementioned conduct, plaintiff COURTNEY MORALES suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

79. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

80. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff COURTNEY MORALES.

83. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

84. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff COURTNEY MORALES.

87. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff COURTNEY MORALES's right to be free from false arrest was violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

90. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

91. Qualified immunity is no defense to this claim.

92. As a result of the foregoing, plaintiff COURTNEY MORALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
July 25, 2024

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff COURTNEY MORALES
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By: *Brett Klein*
>BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

COURTNEY MORALES,

                                              Plaintiff,

                                                                                   Docket No.

     -against-

CITY OF NEW YORK, MATHEW REICH, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                            Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132